**IN THE COURT OF APPEALS OF IOWA**

No. 14-2106
Filed February 25, 2015

**IN THE INTEREST OF J.R. and A.R.,**
    **Minor Children,**

**N.F., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

A mother appeals from termination of her parental rights. **AFFIRMED.**

Michelle Marie Jungers of Iowa Legal Aid, Waterloo, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Steven H. Halbach, Assistant County Attorney, for appellee.

Melissa Anderson Seeber of Waterloo, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

The mother appeals from termination of her parental rights to two children.[1] The mother previously lost rights to three younger children in the family. This court affirmed termination of three younger children in *In re L.A.*, No. 14-1145, 2014 WL 6682341, at *4 (Iowa Ct. App. Nov. 26, 2014). In the present case concerning two older children, the mother does not challenge the statutory grounds for termination. She contends termination was not in the children's best interests and she should be given an additional six months to work toward reunification.

We review a juvenile court order terminating parental rights de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). We give weight to the factual determinations of the juvenile court, especially with regard to witness credibility, but are not bound by them. *Id.* Our primary consideration is the best interest of the child. *Id.*

The mother first contends termination was not in the children's best interest because they are bonded with her and because "terminating her parental rights would mean that the[] children would not have a connection to their cultural heritage." The mother identifies with a different cultural heritage than the foster parents. The mother states she preserved error on this issue by arguing this position in her closing argument at the termination hearing. It is well-established that an issue must be raised and ruled upon at the trial level before we may address it on appeal. *Id.* at 774. The district court order does not at any point

---

[1] The father is deceased.

mention this issue. Nor did the court exercise its discretion to apply the statutory exception under Iowa Code section 232.116(3)(c) (2013) to prevent the termination of the mother's rights due to a "bond" with the children. The mother did not raise the court's failure to address these issues through a motion pursuant to Iowa Rule of Civil Procedure 1.904. Therefore, they are not preserved for this appeal. *See id.* ("the general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases"); *In re A.M.H.*, 516 N.W.2d 867, 872 (Iowa 1994) (holding a party must draw overlooked issues to the court's attention through a rule 179(b)—now rule 1.904(2)—motion to preserve the issue for appeal).

The mother next contends she should have been given an additional six months to work toward reunification. The record in this case discloses the children were removed from the mother due to domestic violence between the mother and her paramour and their substance abuse. The mother has made next to no progress on her reunification goals including attending parenting and domestic violence classes and counseling. She flat-out denies the domestic abuse the paramour committed against her and the effect it had on the children. The older child believes the mother does not love her after the child testified at the paramour's domestic abuse trial. The mother repeatedly violated the no-contact order with her paramour and continues to have contact with him. She has been largely uncooperative with the Iowa Department of Human Services and service providers.

In order to extend a child's placement for an additional six months, the juvenile court must find that the need for removal will no longer exist at the end of the six months. *See* Iowa Code § 232.104(2)(b); *see also In re H.R.K.*, 433 N.W.2d 46, 50 (Iowa Ct. App. 1988) (holding the parents' failure to recognize the abuse the children suffered was a permissible factor to consider in the termination decision); *In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999) (finding that without acknowledgment and recognition of abuse, services to assist the parent and child are not likely to be effective). There is nothing in this record that suggests to us that the need for removal would no longer exist in six months if the placement were extended. The five children in this family[2] have been under court supervision since January 2012. In its termination order, the juvenile court found,

> No evidence has been presented to the court which would cause the court to believe that [the mother] desires to make any changes in her lifestyle, is even willing to consider how her actions have affected the lives of her children or that she is able to protect her children if they would be returned to her care.

On our de novo review, we agree with this conclusion. Accordingly, we affirm the order of the juvenile court.

**AFFIRMED.**

---

[2] Two children are involved in this appeal. The mother's rights were previously terminated as to the other three children.